JOHN PACHECO *et al. vs.* AUGUST BUS COMPANY LINES *et al.*

APRIL 29, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity for the appointment of a receiver for the respondent corporation August Bus Company Lines, hereinafter referred to as A. B. C. Lines, and to impress a trust on all its assets for the benefit of complainants to the extent of such sums of money as shall be found to be equitably due from said corporation to them; and also to declare respondents Mercantile Investment Corp., hereinafter referred to as Mercantile, Alvaro A. August, William Graham and Albert Tremblay constructive trustees of all funds which may have come into their hands through the conduct of respondent Alvaro A. August in fraudulently soliciting and collecting funds from said complainants for the alleged purchase of the stock of A. B. C. Lines. The cause was heard in the superior court on bill, answers, and oral proof and resulted in the entry of a decree denying and dismissing the bill. From such decree complainants have appealed to this court.

The trial justice found substantially that although the complainants had actually paid over their funds, as they alleged, to respondent August personally and that practically all of such funds were ultimately received by respondents Graham, Tremblay and Mercantile, nevertheless complainants had not shown that they were either creditors or stockholders of A. B. C. Lines, or that there was any

contractual relation between them and respondents Graham, Tremblay and Mercantile, or that such respondents participated in or had any knowledge of the fraudulent conduct of respondent August, and therefore complainants had no standing in equity against such respondents. The trial justice further found that there was no evidence that respondent August had assets of any kind, directly or indirectly, over which a receiver could be appointed or upon which a trust could be impressed and he, therefore, left complainants to their remedy at law against said August.

Complainants contend, under their reasons of appeal, that such decision is contrary to the law and the evidence and the weight thereof. In urging those contentions they have argued several questions of law concerning the validity of certain corporate acts of A. B. C. Lines which, however, we need not discuss here since we concur in the opinion of the trial justice that complainants, because they have not shown themselves to be either creditors or stockholders of such corporation, have no standing to raise those questions. As to the evidence respecting respondents Graham, Tremblay and Mercantile, we are also of the opinion that the trial justice did not err in finding that complainants had failed to show that such respondents were legally responsible for the acts of respondent August in obtaining complainants' funds upon representations that they were thereby purchasing the stock of A. B. C. Lines.

To discuss fully here why we have come to such conclusion would in effect constitute but a repetition very largely of what the trial justice has so amply discussed in his rescript. For further details concerning the transactions in which the parties were involved and out of which the instant litigation ultimately arose reference may be had to such rescript. It appears to us to have been carefully prepared and quite clearly points out the salient evidence upon which the trial justice relied for his decision denying and dismissing complainants' bill. We have tested such decision by carefully examining the transcript and the ex-

hibits in the record before us and we cannot say that it is clearly wrong. Indeed, much if not all of the evidence pertaining to Graham's, Tremblay's and Mercantile's lack of knowledge of and nonparticipation in respondent August's fraudulent representations to complainants appears uncontradicted, and there is no evidence whatsoever that they at any time ever dealt with the respondent corporation A. B. C. Lines. In such circumstances it is difficult to see how the trial justice could have found any basis for granting relief in equity against those respondents.

We agree with the facts found by the trial justice, but we are frank to say, however, that they have given us much concern. Admittedly large sums of money belonging to the complainants have indirectly, through the fraudulent conduct of respondent August, found their way into the hands of respondents Graham, Tremblay and Mercantile. But on the record here it does not appear to us that complainants have established that those respondents have any legal obligation to restore such money to the complainants whatever their moral duty may be. Only a lack of evidence which would link them at least constructively with the fraudulent conduct of respondent August prevents us from holding them legally accountable to the complainants for such funds.

We have meticulously examined the transcript in order to make certain that the trial justice had not overlooked any evidence that would reasonably bring these respondents within the orbit of equity and we are satisfied that no such evidence is present. Although there is much in the record that may arouse suspicion and conjecture as to the innocence of Mercantile, Graham and Tremblay, and create sympathy for the complainants' plight as a result of having grossly misplaced their trust in the respondent August, such suspicion or sympathy is obviously insufficient upon which to base the relief sought by the bill of complainant. In short, we are of the opinion that the trial justice did not err in denying and dismissing the bill, because the com-

plainants failed to prove their case by legal evidence.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

ON MOTION FOR REARGUMENT.

MAY 27, 1949.

PER CURIAM. After our opinion in the above-entitled case was filed complainants asked and received permission to file a motion for reargument. Pursuant to this permission they have filed such a motion, setting out therein certain reasons on which they base their contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.